UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:11CV-P120-M

**RICHARD ANTHONY FILIPELLI**                                                              **PLAINTIFF**

v.

**HOPKINS COUNTY JAIL** *et al.*                                                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Richard Anthony Filipelli filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

### I.

Plaintiff is a convicted prisoner incarcerated at the Hopkins County Jail. He sues the Hopkins County Jail, Deputy Coy in his official capacity, and Joe Blue. Plaintiff does not indicate in which capacity he sues Blue. Plaintiff states that he received a letter containing a necklace. He states that the mailroom officer did not give him the opportunity to send the necklace back at his own expense or to discard it. The mailroom officer took the item and did not tell Plaintiff about it. Plaintiff realized that the necklace was missing when he read the letter. Plaintiff states that his right "to full disclosure in my mail has been violated. By taking any item out of a letter addressed to me without my knowledge (contraband or not) is not only a violation of my rights, but also a violation of federal law."

Plaintiff also states that he "witnessed several people receive 'legal mail/documents' in here through the mail system, and when they first lay eyes on the documents, the jail staff/mailroom officer has already opened it." He states that this is also a violation of rights.

As relief, Plaintiff seeks punitive damages in the amount of $5,000 "for the loss of the sentimental item," injunctive relief in the form of not allowing this to happen to anyone else, and transfer to another facility.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Plaintiff's claim concerning the loss of his personal property does not give rise to a constitutional violation. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986)). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt,* 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, Plaintiff's claim concerning his lost property will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also alleges that he witnessed several inmates receive mail marked as legal mail that was already opened by jail personnel. Based on the complaint, these allegations do not present actions taken against Plaintiff himself. Plaintiff does not have standing to assert any claim on behalf of other inmates. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir.

2002) ("*Pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause.). Therefore, Plaintiff's claims regarding the opening of other inmates' legal mail will be dismissed for failure to state a claim upon which relief may be granted.

   For the foregoing reasons, the Court will enter a separate Order dismissing the action.

Date:

cc: Plaintiff, *pro se*
4414.010